## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

E&M MOTELS, INC., and all others
similarly situated,

      Plaintiffs,

v.

SUPER 8 MOTELS, INC., and
CENDANT CORPORATION,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Civil File No. 05-234(MJD/RLE)

_____

Stanley E. Siegel, Jr. and Joshua A. Hasko, Rider Bennett, LLP, for Plaintiffs E&M Motels, Inc., and all others similarly situated.

Brant M. Laue, Armstrong Teasdale LLP and Jon S. Swierzewski, Larkin Hoffman Daly & Lindgren, Ltd., for Defendants Super 8 Motels, Inc. and Cendant Corporation.

_____

This matter is before the Court upon Plaintiffs' motion for clarification of the Order dated May 4, 2005. For the reasons stated below, the motion is denied.

**BACKGROUND**

This action was originally filed in Minnesota state court in January 2005. It was removed to this District in February 2005 by Defendants. At that same time, Defendants moved to compel arbitration. By Order dated May 4, 2005, this Court granted the motion to compel and dismissed this action.

In its motion for clarification, Plaintiff informs the Court that in response to this Court's order, they thereafter filed a Demand for Class Arbitration to the AAA. The AAA did not accept the Demand for Class Arbitration pursuant to the parties' arbitration agreement and to AAA policy concerning class arbitrations. Renewed Demands for Class Arbitration were also denied. Plaintiff now moves the Court for an Order which specifically provides that its previous Order compelled arbitration of all claims, including its class claims.

Defendants oppose the motion, arguing the May 4, 2005 does not need clarification and that the Federal Arbitration Act ("FAA") does not authorize this Court to interfere with ongoing arbitration proceedings.

The Court has reviewed the parties' submissions and the authority cited therein, and finds this Court does not have jurisdiction to grant the relief requested.

**ANALYSIS**

The FAA provides:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration *proceed in the manner provided for in such agreement.*

9 U.S.C.A. § 4 (emphasis added).

In its prior Order, this Court held that the claims asserted in the Complaint under the Minnesota Franchise Act, Minn. Stat. § 80C.01, were within the scope of the parties' arbitration agreement, and granted Defendants' request to compel arbitration and dismissed the action.  The Court did not certify the action as a class action prior to dismissal.  When the claims were submitted to arbitration, the AAA denied the Demand for Class Arbitration based on its own policies and upon the express language of the parties' arbitration agreement prohibiting consolidation or joinder of claims.

Plaintiffs disagree with this decision, and now ask the Court to "clarify" its May 4, 2005 by ordering that the putative class claims to be arbitrated.  First, the Court reiterates that it did not certify the action as a class action prior to dismissal.  More importantly, however, the FAA does not provide a jurisdictional basis upon which to challenge the AAA's decision based on its own policies and based on its interpretation of the parties' arbitration agreement.  See LaPrade v. Kidder Peabody Co., 146 F.3d 899, 903 (D.C.Cir. 1998)(recognizing the Arbitration Act contemplates that courts will not interfere with arbitration proceedings by issuing interlocutory orders).  Rather, the Court's jurisdiction is limited to enforcing an arbitration agreement as written.  9 U.S.C. § 4.

IT IS HEREBY ORDERED that Plaintiffs' Motion to Clarify this Court's Order of May 4, 2005 is DENIED.

Date: December 11, 2006

                                                  s / Michael J. Davis
                                                  Michael J. Davis
                                                  United States District Court

Civil No. 05-243